ASSOCIATED STUDENTS OF WESTERN KENTUCKY UNIVERSITY et al., Plaintiffs-Appellants,

v.

Dero G. DOWNING, President of the Western Kentucky University et al., Defendants-Appellees.

No. 72-1894.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 30, 1973.

Decided March 28, 1973.

Thomas L. Hogan, Louisville, Ky., Robert Allen Sedler, Lexington, Ky., on brief, for plaintiffs-appellants.

J. David Francis, Bowling Green, Ky., William E. Bivin, Bowling Green, Ky., on brief, for defendants-appellees.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and KENNEDY, District Judge.*

PHILLIPS, Chief Judge.

The governing officials of Western Kentucky University at Bowling Green made a decision that the sponsoring by the University of a certain motion picture film and its showing on the campus under University auspices would be inappropriate. Accordingly, the Universi-

ty cancelled the booking contract which it previously had executed for the showing of the film. District Judge Rhodes Bratcher, after a comprehensive evidentiary hearing, found that the decision of the University was within the rights and powers of its governing officials.

We affirm.

The appellants are Associated Students of Western Kentucky University, the student government organization, two of the officers of that organization and two other University students.

The appellee Board of Regents is the duly constituted governing body of the University. K.R.S. § 164.350. The President and Dean of Student Affairs also were named parties defendant.

Since about 1966 the University and the Associated Students have planned and operated jointly a series of cultural, social and educational programs for the benefit and enjoyment of students. The District Court held that the University is an indispensable party, both as to selection and content of the programs under consideration in the series. The programs are financed through an item in the University's budget, which in 1971 was set at a maximum of $52,000. All agreements in connection with the series required the approving signature of the University as a necessary contracting party.

A showing of "The Films of John Lennon and Yoko Ono" was scheduled on the campus on February 2, 1971. The University signed a booking contract for this program. After a preliminary showing of the film, the University cancelled the contract.

One segment of the film in question was titled "The Fly." Judge Bratcher described it as follows:

"The Court has seen the questioned film in chambers and it has been described in the testimony. Briefly, it consists of a camera focused upon what appears to be an ordinary house

* Honorable Cornelia G. Kennedy, United States District Judge for the Eastern District of Michigan, sitting by designation.

fly as it crawls and meanders over, around, in, on and about the body of a nude female model lying in bed . . . on her back with her legs spread apart. The camera, on occasion, zooms in for close-up showings of the open vaginal orifice with the ever-present fly crawling in and around the exposed area.

"The travels of the fly take it to the legs, arms, nipples of breast, ears, hair of the head, hair under the arms and substantially the entire body of the model, all accompanied by background music."

The Dean of Student Affairs concluded that: "It would be inappropriate for the University to continue as a contracting party." The President of the University concurred in this conclusion. There is no dispute that the making of this decision was within the scope of authority delegated by the Board of Regents.

The appellants sought declaratory judgment and injunctive relief to protect certain rights alleged to have been violated in derogation of constitutional guaranties. After a full hearing Judge Bratcher ruled that the University, as a party to the booking contract and pursuant to its terms, had the right to cancel the contract in the absence of a clear case of constitutional infringement.

We believe this case to be distinguished from situations where University officials have censored programs sponsored by students or student organizations or otherwise interfered with the exercise of First Amendment rights. *See, e. g.,* Brooks v. Auburn University, 412 F.2d 1171 (5th Cir. 1969); Korn v. Elkins, 317 F.Supp. 138 (D.Md.1970); Antonelli v. Hammond, 308 F.Supp. 1329 (D.Mass.1970). In the present case the University did nothing more than to make a determination that, with respect to a particular experimental film, it would be "inappropriate for the University to continue as a contracting party."

■■ The evidence supports the conclusion of the District Court that appel-

lants demonstrated no violation of any constitutional right. The findings of fact of the District Court are not clearly erroneous, but to the contrary are supported by substantial evidence. Rule 52(a), Fed.R.Civ.P. The University had the prerogative to determine, as it did, that it was inappropriate for it as an institution of higher learning to sponsor the showing of the questioned film as a part of its educational program.

Affirmed.